**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD SCARANTINO, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| LADENBURG THALMANN FINANCIAL SERVICES INC., HENRY C. BEINSTEIN, GLENN C. DAVIS, BRIAN S. GENSON, RICHARD M. KRASNO, RICHARD J. LAMPEN, MICHAEL S. LIEBOWITZ, HOWARD M. LORBER, JACQUELINE M. SIMKIN, MARK ZEITCHICK, ADAM MALAMED, ADVISOR GROUP HOLDINGS, INC., and HARVEST MERGER SUB, INC., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 11, 2019 (the "Proposed Transaction"), pursuant to which Ladenburg Thalmann Financial Services Inc. ("Ladenburg Thalmann" or the "Company") will be acquired by Advisor Group Holdings, Inc. ("Parent"), a Delaware corporation, and Harvest Merger Sub, Inc. ("Merger Sub," and together with Parent, "Advisor Group").

2. On November 11, 2019, Ladenburg Thalmann's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger

(the "Merger Agreement") with Advisor Group. Pursuant to the terms of the Merger Agreement, Ladenburg Thalmann's stockholders will receive $3.50 in cash for each share of Ladenburg Thalmann common stock they own.

3. On December 6, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Ladenburg Thalmann common stock.

9. Defendant Ladenburg Thalmann is a Florida corporation and a party to the Merger Agreement. Ladenburg Thalmann's common stock is traded on the New York Stock Exchange American under the ticker symbol "LTS."

10. Defendant Henry C. Beinstein is a director of the Company.

11. Defendant Glenn C. Davis is a director of the Company.

12. Defendant Brian S. Genson is a director of the Company.

13. Defendant Richard M. Krasno is Lead Independent Director of the Company.

14. Defendant Richard J. Lampen is Chief Executive Officer, President, and Chairman of the Board of the Company.

15. Defendant Michael S. Liebowitz is a director of the Company.

16. Defendant Howard M. Lorber is Vice Chairman of the Board of the Company.

17. Defendant Jacqueline M. Simkin is a director of the Company.

18. Defendant Mark Zeitchick is Executive Vice President and a director of the Company.

19. Defendant Adam Malamed is Executive Vice President, Chief Operating Officer, and a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Florida corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of Ladenburg Thalmann (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of November 8, 2019, there were approximately 148,738,127 shares of Ladenburg Thalmann common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Ladenburg Thalmann is a diversified financial services company.

31. The Company's subsidiaries include industry-leading independent advisory and brokerage firms Securities America, Triad Advisors, Securities Service Network, Investacorp, and KMS Financial Services, as well as Premier Trust, Ladenburg Thalmann Asset Management, Highland Capital Brokerage, a leading independent life insurance brokerage company and full-service annuity processing and marketing company, and Ladenburg Thalmann & Co. Inc., an investment bank that has been a member of the New York Stock Exchange for over 135 years.

32. On November 11, 2019, Ladenburg Thalmann's Board caused the Company to enter into the Merger Agreement with Advisor Group.

33. Pursuant to the terms of the Merger Agreement, Ladenburg Thalmann's stockholders will receive $3.50 in cash for each share of Ladenburg Thalmann common stock they own.

34. According to the press release announcing the Proposed Transaction:

> Advisor Group, one of the nation's largest networks of independent wealth management firms, and Ladenburg Thalmann Financial Services Inc. (NYSE American: LTS, LTS PrA, LTSL, LTSF, LTSK, LTSH) ("Ladenburg"), a publicly-traded diversified financial services company, today announced that both companies have entered into a definitive merger agreement to join the two companies.
>
> Under the terms of the transaction, Ladenburg has agreed to be acquired by Advisor Group through a cash merger, in which each outstanding share of Ladenburg's common stock will be converted into a cash payment of $3.50 per share. The total enterprise value of the transaction is approximately $1.3 billion, taking into account Ladenburg's common stock, preferred stock and outstanding debt. The definitive merger agreement and the transactions contemplated were unanimously approved by Ladenburg's Board of Directors.

The transaction, which is subject to customary closing conditions, including the approval of Ladenburg's shareholders, and receipt of required regulatory clearances and approvals, is expected to close in the first half of 2020.

Following the completion of this transaction, the expanded Advisor Group organization will continue to be led by its current CEO and President, Jamie Price. When the transaction is completed, Advisor Group's leadership team will include senior executives from both Advisor Group and Ladenburg. Ladenburg's firms will not be merged with Advisor Group's firms, reflecting both companies' commitment to a multi-brand network model. . . .

Jefferies LLC is acting as financial advisor to Ladenburg, with Sullivan & Cromwell LLP serving as Ladenburg's legal counsel. Eversheds Sutherland, Kirkland & Ellis LLP, and Greenberg Traurig LLP are serving as legal counsel to Advisor Group and Reverence Capital.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

35. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Proxy Statement omits material information respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37. First, the Proxy Statement omits material information regarding the Company's financial projections.

38. The Proxy Statement fails to disclose: (i) all line items used to calculate (a) Income Before Income Taxes and (b) Adjusted EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Jefferies LLC ("Jefferies").

41. With respect to Jefferies' Selected Public Companies Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the companies observed by Jefferies in the analysis; (ii) the Company's total debt; and (iii) the parent company cash.

42. With respect to Jefferies' Selected Transactions Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed by Jefferies in the analysis; (ii) the Company's total debt; and (iii) the parent company cash.

43. With respect to Jefferies' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered, after-tax free cash flows that the Company was forecasted to generate through the full fiscal year ending December 31, 2023 and all underlying line items; (ii) the terminal values of the Company; (iii) Jefferies' basis for applying a selected range of adjusted EBITDA multiples of 7.0x to 9.0x; and (iv) the individual inputs and assumptions underlying the discount rate range of 11.50% to 12.50%.

44. With respect to Jefferies' analysis of premiums paid, the Proxy Statement fails to disclose: (i) the transactions observed by Jefferies in the analysis; and (ii) the sources thereof.

45. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46. Third, the Proxy Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

47. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

48. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Company's Board of Directors; (iii) Certain Unaudited Company Forecasts; and (iv) Opinion of the Company's Financial Advisor.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ladenburg Thalmann

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Ladenburg Thalmann is liable as the issuer of these statements.

52. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

53. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

54. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

55. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Advisor Group

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and Advisor Group acted as controlling persons of Ladenburg Thalmann within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Ladenburg Thalmann and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and Advisor Group was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to

and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

62. By virtue of the foregoing, the Individual Defendants and Advisor Group violated Section 20(a) of the 1934 Act.

63. As set forth above, the Individual Defendants and Advisor Group had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 12, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com